[Civ. No. 10247. First Appellate District, Division Two.—September 24, 1936.]

In the Matter of the Estate of HENRY HOOVER, Deceased. GERTRUDE HOOVER, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a Corporation), as Executor, etc., Respondent.

Gertrude Hoover, *in pro. per.*, Owen D. Richardson and Donald B. Richardson for Appellant.

E. M. Rea and Maurice J. Rankin for Respondent.

SPENCE, J.—This is an appeal by Gertrude Hoover, the daughter of the deceased, from the decree of distribution in the above-entitled estate.

In 1930 the deceased made a will in which certain specific bequests and devises were made to relatives and friends and the entire residue of the estate was left to appellant. About a year and a half later the deceased executed a codicil which read in part as follows:

"Fifth. I wish to modify the clause wherein I gave all the rest and remainder of my estate to my daughter Gertrude Hoover, as follows: In lieu of said provision, I hereby provide as follows: I give and bequeath all the rest, residue and remainder of my estate of every kind and nature to the Bank of America National Trust & Savings Association, in trust however, for the following uses and purposes: To handle and manage the same with full power to sell, hypothecate and do everything in regard thereto as if I myself were handling said property; to invest and reinvest all of the *corpus* of said trust and to pay the net income thereof to my daughter, Gertrude Hoover during her life. *After the death of my daughter, Gertrude Hoover, all of said property to go to my heirs then living, in accordance with the present law of succession of the State of California.*

"I declare that although my daughter, Gertrude Hoover, in the last month has annoyed me, cursed me, threatened me that she would not bury my body in the crypt which I purchased therefor, filed an injunction suit against me and a petition to be appointed my guardian, that I am not doing this to punish her, but have come to the conclusion that on account of her character and disposition and lack of business ability that this trust is for her best interest." (Italics ours.)

At the time of executing said codicil and at the time of his death, the deceased had no living spouse and had no issue other than appellant Gertrude Hoover. The decree of distribution followed closely the wording of the codicil as above set forth.

Appellant's claims are based upon her construction of the italicized portion of the codicil. She contends that the word "heirs" should be given its technical meaning and that the "heirs" of the deceased should be determined as of

the time of the death of the deceased. She therefore concludes that as she was the only "heir" of the deceased as so determined, she "is entitled to have the interest over distributed to her; and as a result the trustee's estate is merged in that of Gertrude and the entire residue should be distributed free from the trust". We find no merit in appellant's contentions.

Appellant cites and relies upon *Estate of Newman,* 68 Cal. App. 420 [229 Pac. 898], but the wording of the will in that case was quite different from the one before us. It is there recognized that the paramount rule in the construction of wills, to which all other rules must yield, is that the will is to be construed according to the intention of the testator as expressed therein. It is further recognized that while the "heirs" are ordinarily determined as of the time of death of the testator, there may be cases where "clear and unambiguous indications of a different intention" may be derived from the context of the will read in the light of the surrounding circumstances. This appears to be one of such cases.

It seems entirely clear from a reading of the codicil, particularly in the light of the surrounding circumstances, that the testator did not use the word "heirs" in its technical sense. The testator had other relatives but, at the time of executing the codicil, appellant was his sole heir apparent and, at the time of his death, appellant was his sole heir. The testator nevertheless used the plural "heirs" and modified that word by the words "then living" referring to a time in the future "after the death" of appellant. This clearly indicates that it could not have been intended that the words "heirs then living" should include appellant. (See *Estate of Wilson,* 184 Cal. 63 [193 Pac. 581]; *Estate of Layton,* 217 Cal. 451 [19 Pac. (2d) 793, 91 L. R. A. 480]; *Estate of Washburn,* 11 Cal. App. 735 [106 Pac. 415].)

The decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 23, 1936.